JACK SIKLICH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Siklich
Docket No. 13008-91
United States Tax Court
T.C. Memo 1992-719; 1992 Tax Ct. Memo LEXIS 767; 64 T.C.M. (CCH) 1550; December 21, 1992, Filed An appropriate order will be issued and decision will be entered for respondent. For Respondent: Tanya M. Marcum. WELLS
WELLS
MEMORANDUM OPINION WELLS, Judge: The instant case is before the Court on respondent's motion to hold petitioner in default pursuant to Rule 123(a). All Rule references are to the Tax Court Rules of Practice and Procedure, and, unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue. Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Additions to Tax
Year
Deficiency
Sec. 6653(b)(1)
Sec. 6653(b)(2)
Sec. 6661
1982
$  31,810.45
$ 15,905.00
[1]
$ 7,952.61
1983
134,017.58
67,008.79
[1]
33,504.40
1984
51,602.30
25,801.15
[1]
12,900.58
On the date he filed the petition in the instant case, petitioner resided in Grand *768 Rapids, Michigan. Respondent timely filed an answer denying petitioner's allegations of error with respect to the foregoing deficiencies and additions and setting forth specific allegations of fraud in support of the fraud additions. On May 13, 1992, petitioner was notified that the instant case was set for trial during the Court's October 13, 1992, Trial Session in Detroit, Michigan. At the call of the calendar, petitioner did not appear, and respondent filed the instant motion to hold petitioner in default. Respondent's motion was served upon petitioner, who was given the opportunity to file an objection or a response. Petitioner, however, did not respond. Petitioner has the burden of proving error in respondent's determination of the deficiencies and the additions for substantial understatement. Consequently, respondent must prevail on the deficiencies and the substantial understatement additions on the ground that petitioner has either defaulted or failed to carry his burden of proof. , affd. . As to the fraud addition, however, respondent *769 has the burden of proof. Rule 142(b). Nevertheless, when a taxpayer fails to appear and proceed with his case, entry of a default decision "is appropriate upon a determination in our 'sound judicial discretion' that the pleadings set forth sufficient facts" to support a finding that the taxpayer fraudulently underpaid his taxes. . In the instant case, we have reviewed the specific allegations of fraud pled by respondent, and we are convinced that respondent's allegations support a finding that petitioner fraudulently underpaid his taxes for the years in issue. The allegations supporting such a finding include the following: Endorsement of checks by petitioner to suppliers and employees and dealing in cash; failure of petitioner to report substantial amounts of income; indictment of petitioner and guilty verdict for petitioner's willful filing of false returns under section 7206(1) for each of the taxable years in issue; and petitioner's failure to cooperate with the revenue agent conducting the examination. , *770 affg. . Based on the foregoing, we uphold respondent's determination of the fraud additions. Accordingly, respondent's motion to hold petitioner in default will be granted. To reflect the foregoing, An appropriate order will be issued and decision will be entered for respondent. Footnotes
1. 50 percent of the interest due on $ 31,810.45, $ 134,017.58, and $ 51,602.30 for 1982, 1983, and 1984, respectively.↩